**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PAUL MAAS RISENHOOVER,<br><br>Plaintiff,<br><br>v.<br><br>ANTONY J. BLINKEN,<br><br>Defendant. | ) | Civil Action No. 21-2503-BAH<br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

Plaintiff Paul Maas Risenhoover, who is proceeding *pro se*, filed this lawsuit against U.S. Secretary of State Antony Blinken, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure of records purportedly maintained by the U.S. Department of State. Defendant moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground of *res judicata*, Def.'s Mot. to Dismiss, ECF No. 23, to which motion plaintiff filed no recognizable opposition, *see* Order (Oct. 20, 2023), ECF No. 28 (advising plaintiff to respond clearly by November 7, 2023, and cautioning that defendant's unrefuted assertions may be treated as conceded); *cf*. ECF Nos. 29-40 (plaintiff's sundry notices). For the reasons explained below, defendant's motion is granted.

## I. PROCEDURAL BACKGROUND

Three days after initiating this action, plaintiff filed, on September 20, 2021, *Risenhoover v. U.S. Dep't of State*, No. 21-cv-2563 (BAH) (*Risenhoover II*). On April 5, 2022, the Court granted defendant's consent motion to stay the proceedings in this case pending the resolution of all claims in *Risenhoover II*. Following the judgment in *Risenhoover II*, entered

February 16, 2023, the stay was lifted and briefing ensued. On October 6, 2023, defendant filed the instant motion to dismiss, asserting *res judicata*.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 572 U.S. 744, 757–58 (2014) (citation omitted). A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability" and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) ("Plausibility requires more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

In deciding a motion under Rule 12(b)(6), a court must consider the whole complaint, accepting all factual allegations in the complaint as true, even if doubtful in fact, and construing all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555; *see also Atchley v. AstraZeneca UK Ltd.*, 22 F.4th 204, 210 (D.C. Cir. 2022). A court, however, does not "accept inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (alterations in original accepted and citation omitted); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## III.  DISCUSSION

Defendant seeks dismissal of the complaint on grounds of *res judicata* due to the prior judgment in *Risenhoover II*. "The preclusive effect of a judgment is defined by claim preclusion

and issue preclusion, which are collectively referred to as 'res judicata.' " *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.' " *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). In contrast, issue preclusion, which was "once known as 'collateral estoppel' and 'direct estoppel,' " bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* at 892 n.5 (internal quotations and citations omitted); *see also U.S. Postal Serv. v. Am. Postal Workers Union*, 553 F.3d 686, 696 (D.C. Cir. 2009) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.") (internal quotation marks and citation omitted)).

This action was filed first and thus defendant's focus on claim preclusion, *see* Def.'s Mem. at 5-7, is misplaced. *See Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) ("the doctrine of res judicata, or claim preclusion" applies to "a subsequent lawsuit"); *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 419 (D.D.C. 2020), *aff'd*, No. 20-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021) (claim preclusion "applies only when the first case resulted in 'a final, valid judgment on the merits.' "). On the other hand, "issue preclusion cannot bar a subsequent claim," but "may conclusively establish facts such that the plaintiff's claim must fail as a matter of law." *Proctor v. D.C.*, 74 F. Supp. 3d 436, 454 (D.D.C. 2014). Such is the case here.

Three elements must be satisfied for a final judgment to preclude litigation of an issue in a subsequent case: "[1], the same issue now being raised must have been contested by the parties

and submitted for judicial determination in the prior case[; 2] the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case[; and] [3] preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Amer. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (alterations in original)). "In examining 'unfairness' for the purposes of issue preclusion, the D.C. Circuit has been primarily concerned with whether 'the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude.' " *Proctor*, 74 F. Supp. 3d at 453 (quoting *Yamaha*, 961 F.2d at 254) (other citations omitted)). As addressed below, each of these requirements is met in the instant case.

The first requirement of issue preclusion is satisfied because this lawsuit is based on the same FOIA request underlying *Risenhoover II*, where the government prevailed on a contested summary judgment motion. *See Risenhoover v. U.S. Dep't of State,* 2023 WL 2043218 at *2 (D.D.C. Feb. 16, 2023) (clarifying the basis of the claim as "FOIA request number F-2021-10174 . . . submitted to the State Department on September 12, 2021"); *cf*. Compl., ECF No. 1 at 1 (alleging that "[o]n September 14, 2021, the State Department denied Dr. Risenhoover's petition and FOIA requests (F-2021-10174) as being overly broad or non-specific").

The second requirement of an actual and necessary determination by a court of competent jurisdiction also is satisfied. FOIA confers original jurisdiction in district courts, such as this, to enjoin the improper withholding of agency records. In *Risenhoover II*, this Court found that the FOIA request failed "to reasonably describe the records sought," and that the "record showing defendants' 'multiple good faith efforts' to have plaintiff clarify or narrow his request evinces no improper withholding under FOIA." *Id.*, 2023 WL 2043218 at *3 (record citation omitted). "It

is well established that a lower court judgment may have preclusive effect despite the lack of appellate review." *Martin*, 488 F.3d at 455.

As for the third requirement, the Court finds no unfairness in holding plaintiff to the prior judgment since he had the opportunity to brief the withholding issue in that case. *See Risenhoover,* 2023 WL 2043218 at *4 (noting that plaintiff's "two-part opposition does not comply with the summary judgment rules of which he was informed . . ., but rather, characteristically, is replete with puzzling assertions unrelated to the issues at hand") (record citations omitted)).

**IV. CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. A separate Order consistent with this Memorandum Opinion will be filed contemporaneously.

/s/ Beryl A. Howell
United States District Judge

DATE: December 12, 2023